**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                              **CRIMINAL NO. 3:15-CR-002-CWR-LRA**

**MICHAEL ANDREWS**

## ORDER

Michael Andrews has filed a motion requesting a judicial recommendation from this Court. Docket No. 90. Andrews will be eligible for release from federal custody on September 18, 2019. However, in advance of his release, he is eligible for a placement "under conditions that will afford [him] a reasonable opportunity to adjust to and prepare for the reentry…into the community", such as a halfway house or residential reentry center (RCC). 18 USCA § 3624(c)(1). Andrews requests this Court recommend, in light of his exemplary record while in custody, that the Bureau of Prisons (BOP) place him in a halfway house for the maximum time allowed under the Second Chance Act of 2007. Since filing his initial motion, Andrews has received an increase in the length of time that he will be placed in a halfway house; the BOP extended his placement from four months to nine months. Docket No. 91. Andrews maintains his request for a halfway house placement for the maximum amount of time allowed under federal statute.[1] The government filed a non-opposition response to Andrews' motion. Docket No. 93.

The length of placement under the Second Chance Act is not the final decision of this court; it is for the BOP to decide. *See McKnight v. Longley*, No. 5:11CV98-DCB-RHW, 2012 WL 5342510, at *2 (S.D. Miss. Aug. 14, 2012), *report and recommendation adopted*, No. 5:11CV98DCB-RHW, 2012 WL 5335836 (S.D. Miss. Oct. 29, 2012). The Second Chance Act of

---

[1] While Andrews maintains his request for the maximum amount of time for a halfway house placement, he does not want his request to cause any sort of reduction in the nine months he is currently assigned.

2007 allows for up to 12 months of placement, prior to release, in a halfway house or RCC. *Id*. The Second Chance Act of 2007 does not "*require* the BOP to make any placements in a RCC for longer than six months; the statute affords the BOP the option to make placements up to 12 months." *Sacora v. Thomas*, 628 F.3d 1059, 1070 (9th Cir. 2010) (emphasis added).

This Court supports the BOP's decision to expand Andrews' length of placement in the halfway house from four months to nine months. Ultimately, the BOP is not required to provide a placement for any longer than what Andrews is already receiving. For that reason, the motion is denied. The Court, however, commends Andrews on his record while in custody and appreciates his reasons for requesting the maximum length of placement, including his desire to become financially stable. The Court hopes that Andrews' honorable reasons for this request, and his record during the time he has served, will be taken into account by the BOP.

**SO ORDERED**, this the 18th day of October, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE