IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                   PLAINTIFF

V.                                                                    CAUSE NO. 3:15-CR-2-CWR-LRA-1

MICHAEL ANDREWS                                                                          DEFENDANT

**ORDER**

Before the Court is defendant Michael Andrews' renewed motion for early termination of supervised release. Docket No. 98. The matter is fully briefed and ready for adjudication.

I.    **Factual and Procedural History**

The facts of this case are well-known to the parties. For the purpose of the present motion, a brief recitation of the relevant procedural history will suffice.

On October 8, 2015, the Court sentenced Andrews to 87 months in the Bureau of Prisons (BOP) custody, four years of supervised release, a $1,000 partial fine, and a $100 special assessment for one count of possessing five grams or more of actual methamphetamine with intent to distribute.[1]

Andrews served his time in BOP custody. Upon his release on September 18, 2019, he entered a program of supervised release. A little over a year later, Andrews filed his first motion for early termination of his supervised release under 18 U.S.C. § 3583(e)(1). Docket No. 95. Unaware of "any facts or circumstances regarding the defendant's conduct while on supervised release," the Government deferred to the United States Probation Office's determination on this matter. Docket No. 96. at 1.

---

[1] Pursuant to the Court's acceptance of a plea agreement reached between the Government and Andrews, the Court dismissed two other counts against the defendant. Docket No. 86.

The Court then reviewed the motion. In doing so, it conferred with the Probation Office and considered the 18 U.S.C. § 3553(a) factors. Observing that "Andrews has served less than half of his sentence of supervised release term," the Court concluded that "terminating the supervised release at this moment would not 'reflect the seriousness of the offense,' 'promote respect for the law,' nor 'provide just punishment for the offense.'" Docket No. 97 (quoting 18 U.S.C. § 3553(a)). The Court accordingly denied the motion without prejudice.

Another year passed. Andrews renewed his motion for early termination of supervised release on September 20, 2021. Docket No. 98. That is the present filing.

In the motion, Andrews emphasizes that "since his release the Defendant has paid all fines and assessments" and abided by the terms of his supervised release; started a "thriving" business; as of September 21, 2021, served half of his term of supervised release; and that "he has conducted himself in a lawful manner," including by "successfully complet[ing] the 500 hour residential drug abuse program," completing various other behavioral and professional support programs, "working at his business," "paying taxes," and "taking care of his dependents." *Id.* at 1-2. Andrews underscores that he seeks early termination to enable him to accept work "out of town or in neighboring states." *Id.* at 1 ¶ 4. He also stresses that "the United States Probation Office does not object to this motion or the requested relief set forth in said motion being granted." *Id.* at 2 ¶ 7.

After a sua sponte Text-Only Order from the Court directing it to respond, the Government filed its response in opposition. Docket No. 100. It argues that early termination of Andrews' supervised release is not in the interest of justice. First, the Government contends that Andrews' "apparently unblemished" conduct post-release is insufficient to justify early termination, as adhering to the terms of probation is mandatory, not discretionary. *Id.* at 4. The Government next discounts Andrews' desire to seek work outside of his immediate geographic area. It contends that

2

impairment of the supervisee's "'ability to find more lucrative employment . . . does not warrant early termination.'" *Id.* at 5 (quoting *United States v. Arledge*, No. 5:06-cr-18-DCB-JCS, 2015 WL 3504845, at *1 (S.D. Miss. June 3, 2015)). Finally, the Government submits that "[t]he relevant § 3553(a) factors militate against early supervised release termination." *Id.* at 5. Specifically, the Government cites "[t]he nature, circumstances, and seriousness of the crime alone" as justification for denying Andrews' motion. *Id.*

## II.     Legal Standard

The Court has broad discretion to determine whether to grant early termination of supervised release. *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998). The analysis requires consideration of the § 3553(a) factors. Specifically,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitute to any victims of the offense.

18 U.S.C. § 3553(a).

## III.    Discussion

Here, because the § 3553(a) factors militate in favor of ending supervised release, the Court will grant the motion.

Andrews has fully complied with his conditions of release. He has paid off his fines. He completed "educational . . . training" and "correctional treatment." § 3553(a)(2)(D). Indeed, in his

motion, Andrews lists completion of 11 programs, including a 500 hour residential drug abuse program. *See* Docket No. 90. This Court has already "commend[ed] Andrews on his record while in custody." Docket No. 94, at 2. Since his release from prison, Andrews has started his own business and is taking care of his children. Such accomplishments testify to Andrews' successful transition post-incarceration, and reflect positively on his future productivity and engagement in prosocial behaviors.

Early termination in this case does not sacrifice public safety. That the United States Probation Office, the agency with the most information about and closest relationship to the defendant, does not oppose the motion weighs in favor of granting relief. If the Probation Office believed that Andrews presented a threat to the public or required additional supervision, it would oppose the motion. Lack of opposition by the Probation Office, then, demonstrates that the public safety factor outlined in 18 U.S.C. § 3553(a)(2)(C) weighs in favor of early termination. *See Arledge*, 2015 WL 3504845, at *2 (noting that defendant's initial request was denied but he is eligible for future consideration "provided the Probation Office deems him a worthy candidate for early termination.").

It is true that Andrews' conviction stems from a serious crime. Yet his sentence of 87 months and four years of supervised release was "a sentence sufficient, but not greater than necessary" to effectuate justice. 18 U.S.C. § 3553(a). This satisfies the needs outlined in 18 U.S.C. § 3553(a)(2)(A). It also adequately deters future criminal conduct by both Andrews and for the public. *Id.* at (B). Early termination of Andrews' supervised release, however, is warranted under § 3553(a).

The cases cited by the Government do not mandate a different result. For example, *United States v. Chambliss* concerned the Fifth Circuit's affirmation of the denial of compassionate release

where the defendant had only served 14 years of his 30-year sentence and "committed the instant offense while on parole and only two years following his release from confinement." 948 F.3d 691, 694 (5th Cir. 2020). In contrast, Andrews has served his entire sentence and over half of his term of supervised release. He also, unlike Chambliss, has not engaged in any additional crimes, nor violated his supervised release in any other manner.

*United States v. Jeanes* is similarly distinguishable. There, the defendant sought early termination after serving a little more than one-year of a three-year period of supervised release. *See* Appellant's Brief Filed at *iii, *United States v. Jeanes*, 150 F.3d 483 (5th Cir. 1997) (No. 97-40933), 1997 WL 33623033. Here, the Probation Office has had the opportunity to observe Andrews' conduct for over two years. His comportment convinces this Court that, unlike the uncertain situation in *Jeanes*, there is little likelihood "that problems might arise in the future." 150 F.3d at 485.

The Government's argument regarding the insufficiency of Andrews' desire to expand his professional opportunities to justify release is also unpersuasive. It is true that the desire "to find more lucrative employment" does not, on its own, justify early termination of supervised release. *United States v. Arledge*, 2015 WL 3504845, at *2 (S.D. Miss. June 3, 2015). But "'exceptionally good behavior'" can merit early termination. As observed above, Andrews' successful completion of a litany of programming, founding and management of his own business, and care of his dependents distinguishes his behavior as exceptional, not merely compliant. On this set of facts, Andrews' aspiration to be able to work out of town and out-of-state weighs in favor of early termination, but it is not the deciding factor. The Court instead bases its decision on Andrews' exemplary conduct and its holistic review of the 18 U.S.C. § 3553(a) factors. This review indicates that early termination is appropriate.

Finally, the Court addresses the Government's argument that early termination is inappropriate because Andrews fails to distinguish his situation as an "exceptional case[] . . . involving special, extraordinary, or unforeseen circumstances." Docket No. 100 at 4. The Government misstates the applicable standard. Though the Government cites to *United States v. Hartman* for this proposition, in actuality, that court declined to grant early termination because the defendant failed to show "any exceptional circumstances . . . *or* any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." No. 3:00-CR-228-B(01), 2013 WL 524257, at *3 (N.D. Tex. Jan. 18, 2013) (emphasis added). That is not the present case. As discussed above, the Court here finds that refusing to terminate Andrews' supervised release early would result in an unduly harsh and inappropriately tailored sentence. This—even absent a showing of other, exceptional circumstances—warrants early termination.

Thus the Court will grant Andrews' motion to terminate his period of supervised release early.

**IV.   Conclusion**

Andrews' motion for early termination of supervised release is granted.

**SO ORDERED**, this the 11th day of February, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
